BURCHILL *v.* CULGIN.

*(Supreme Court, General Term, First Department.* March 29, 1889.)

ASSUMPSIT—WHEN LIES—DEED—MISTAKE.

A conveyance of several lots by mistake excluded a strip of land 3 feet 10½ inches wide in the rear of them. Plaintiff and defendant each became the owner of one of the lots. Defendant obtained from the grantor a deed reciting the intention to include such strip, and that defendant was the owner "of a piece of land * * * including said 3 feet and 10½ inches," and conveying the entire strip to him. Plaintiff demanded of defendant a conveyance of that part of the strip in the rear of her lot, but obtained it only on payment of $250. *Held,* that defendant was under no obligation to convey to plaintiff, and plaintiff could not recover the money so paid.

On motion for reargument, see *ante,* 131.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Jackson & Ingraham,* for appellant. *Kelly & MacRae,* for respondent.

DANIELS, J. The deed made by Edgar F. Peck and the executor of Margaretha Peck to the defendant subjected him to no obligation to convey so much of the land mentioned in it as was in the rear of the lot owned by the plaintiff to her or her grantee. It is true that the object of the deed was to correct the easterly line of the land conveyed to Brewster, which included the lot owned by the plaintiff. But it was for the benefit of the defendant that the deed was given. The land was conveyed to him, as a grantee under Brewster, but subject to no obligation to convey any portion of it to any other person. Such an obligation will not arise out of the declared object that the deed was made to correct the error in the deed to Brewster; for the land was conveyed to the defendant without declaring or providing the title should come to any other person than himself. He stood in no privity with the plaintiff, but received the conveyance of so much land to and for himself. And exacting the compensation he did for conveying the part of this land which was in the rear of the plaintiff's lot, and the payment of it by her, vested her with no right of action. It paid him for what he owned the title to under the deed to himself. It would be of no benefit to the plaintiff to reargue her appeal, for the order could not legally be changed. Her application for leave to reargue the appeal should therefore be denied.